### WM. S. LUDLOW ET AL. *v.* G. W. RICH ET AL.

[Abstract Kentucky Law Reporter, Vol. 2—317.]

**Improvement Assessment.**

When no fraud is shown on the part of a city council even when the

cost of a public improvement exceeds the cost of improvement on another part of the street, but the cost is assessed in a manner as near equality as could well be attained, such assessment is valid.

### APPEAL FROM KENTON CHANCERY COURT.

### March 17, 1881.

OPINION BY JUDGE PRYOR:

There is no plat nor description of the location of the streets in Ludlow filed with the petition, and if we construe the amended pleading properly it appears that Dr. Cooper's east line and the east line of lot No. 3 are one and the same, and that the western portion of Arch street had been previously improved, to or from that point, so that upon a reasonable and proper construction of the ·charter the east line of lot No. 3 was the beginning or the termination of the street to be improved. If the improvements connected with that portion of the street already constructed, it was, in substance, a compliance with the charter. There is no fraud shown on the part of the council, and while the costs of improvements at this particular part of the street may exceed the cost of that portion already improved, it is as near equality as could well be attained unless the property holders on the whole street are compelled to contribute; and if this were so the benefits likely resulting to the appellants would be much greater than to others living on the same street.

The judgment below is *affirmed.*

*Stevenson & O'Hara, for appellants.*

*J. F. & C. H. Fisk, Simmons & Schmidt, for appellees.*